IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,132




EX PARTE JOSE GARCIA BRISENO




ON APPLICATION FOR WRIT OF HABEAS CORPUS 
IN CAUSE NO. 1929-CRA28-D1(B)
FROM THE 49TH JUDICIAL DISTRICT COURT
WEBB COUNTY



           Per Curiam. 

O R D E R

           We have before us an application for writ of habeas corpus filed pursuant to Texas
Code of Criminal Procedure Article 11.071, § 5. 
           Applicant was convicted of capital murder on June 24, 1992, and sentenced to
death. We affirmed the conviction and sentence on direct appeal. Briseno v. State, No.
AP-71,489 (Tex. Crim. App. June 29, 1994). On July 31, 1995, applicant filed in the trial
court his initial application for writ of habeas corpus pursuant to Article 11.07. We
denied relief. Ex parte Briseno, No. WR-29,819-02 (Tex. Crim. App. Nov. 27, 1996)(not
designated for publication). On July 10, 2002, applicant filed a subsequent application in
the convicting court. We remanded his claims to the convicting court for resolution. 
After the case was returned to this Court, we reviewed the findings of the convicting
court, adopted them, and denied applicant relief. Ex parte Briseno, 135 S.W.3d 1 (Tex.
Crim. App. 2004). 
           Applicant’s second subsequent application was filed in the trial court on April 1,
2009. On April 2, 2009, this Court dismissed the second claim raised in that application. 
In his first claim, applicant asserted that his jury was precluded from giving effect to the
mitigating evidence admitted in his trial. Specifically, applicant complained that his jury
was given an unconstitutional nullification instruction. Because the procedural posture of
applicant’s case is nearly identical to that in Ex parte Hood, 211 S.W.3d 767 (Tex. Crim.
App. 2007), and because this Court has found it prudent to reconsider the decision in that
case, see Ex parte Hood, Nos. 41,168-10 and AP-75,370 (Tex. Crim. App. Sept. 9,
2008)(not designated for publication), the Court stayed applicant’s execution. Ex parte
Briseno, No. WR-29,819-04 (Tex. Crim. App. Apr. 2, 2009).
           The Court has now decided to file and set this case on this issue and order briefing. 
The parties shall first brief the procedural aspect of this case. Specifically, the parties
shall discuss the applicability of Ex parte Hood, 211 S.W.3d 767 (Tex. Crim. App. 2007),
and whether that decision remains sound law in light of the latest United States Supreme
Court cases of Abdul-Kabir v. Quarterman, 550 U.S. 233 (2007); Brewer v. Quarterman,
550 U.S. 286 (2007); and Smith v. Texas (Smith II), 550 U.S. 297 (2007). Regardless of
each party’s position on the procedural issue, each shall then address the merits of the
first issue raised in applicant’s writ application. Both briefs shall be due in this Court
within thirty (30) days of the date of this order. 
           IT IS SO ORDERED THIS THE 8TH DAY OF APRIL, 2009.
Do Not Publish